**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53076**

| | |
|---|---|
| In the Interest of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) |
| | ) |
| Petitioner-Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| JANE DOE (2025-28), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Filed:  December 30, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Jennifer Bergin, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Public Defender; Adam J. Ondo, Deputy Public Defender, Twin Falls, for appellant.

Hon. Raúl R. Labrador, Attorney General; Richard W. Roberts, Deputy Attorney General, Caldwell, for respondent.

_____

LORELLO, Judge

Jane Doe (2025-28) appeals from the judgment terminating her parental rights.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action, who was born in 2023.  Both Doe and the child tested positive for methamphetamine and amphetamines at delivery, and Doe admitted that she used methamphetamine during pregnancy.  At a shelter care hearing, the magistrate court awarded legal custody to the Idaho Department of Health and Welfare.  Following an adjudicatory hearing, the magistrate court found the child was within the Child Protective Act (CPA) and

ordered continued foster placement. The magistrate court approved a case plan requiring Doe to complete substance abuse treatment and testing, obtain stable housing and income, and participate in a mental health evaluation and counseling. Although Doe completed an initial assessment recommending outpatient treatment, she did not begin treatment or drug testing.

In February 2024, Doe was arrested in Nevada for assault with a deadly weapon and related charges, later convicted, and incarcerated in Nevada with a projected release date more than four years after the termination trial. The magistrate court found that, before incarceration, Doe missed multiple visits and failed to make progress on her case plan and that, afterward, contact was limited to telephone and video calls.

In October 2024, the Department filed a petition to terminate Doe's parental rights. Paternity testing excluded Doe's husband, and no biological father was identified. Following a termination trial, the magistrate court terminated Doe's parental rights based on a finding of neglect resulting from her inability to adequately address her substance abuse issues or prioritize the child's needs above Doe's own, and because she had not completed her case plan.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057,

---

[1]    The magistrate court also terminated the legal father's and biological father's parental rights. The decision to terminate the fathers' parental rights is not at issue in this appeal.

1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

**III.**

**ANALYSIS**

Doe asserts that the magistrate court erred in terminating her parental rights. The Department responds that clear and convincing evidence exists that supports the magistrate court's termination decision. We hold that the magistrate court's findings are supported by substantial and competent evidence and affirm the termination of Doe's parental rights.

**A.     Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

3

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for fifteen[2] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In this case, substantial and competent evidence supports the magistrate court's finding that Doe neglected the child. The magistrate court found that Doe never began substance abuse treatment, failed to submit to drug testing, did not obtain housing or employment, and failed to participate in mental health services. Although Doe completed an evaluation recommending outpatient treatment, she made no progress before her arrest and incarceration. The magistrate court found that Doe's incarceration further prevented her from caring for the child or addressing any portion of the case plan.

The magistrate court also found the Department made reasonable efforts to facilitate reunification. Caseworkers referred Doe for treatment and testing, arranged visitation, and explored family placements in Idaho and Nevada. Despite these efforts, Doe did not engage with the services offered, missed approximately one-third of her scheduled visits before incarceration, and provided no proof of program completion while incarcerated. The magistrate court further found that Doe's ongoing instability (frequent moves, unemployment, and untreated substance abuse) left her unable to meet the child's basic needs.

On appeal, Doe identifies no evidence contradicting these findings. Instead, she argues that incarceration explains her lack of progress. However, incarceration does not preclude a finding of neglect when a parent fails to take advantage of services before incarceration and

---

[2] At the time the Department filed the petition to terminate Doe's parental rights, the statutory timeframe under I.C. § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve of the most recent twenty-two months.

4

remains unable to provide a safe home thereafter. *See Idaho Dep't of Health & Welfare v. Doe (2016-32)*, 161 Idaho 754, 759, 390 P.3d 1281, 1286 (2017) (holding that compliance with case plan was possible despite the parent's various periods of incarceration); *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 959, 277 P.3d 400, 406 (Ct. App. 2012) (affirming termination where the parent failed to make progress before incarceration and remained unable to provide stability or care). The magistrate court reasonably concluded that Doe's circumstances, both before and during incarceration, demonstrate continuing neglect and an inability to safely parent the child within a reasonable time. Doe has failed to show the magistrate court erred in finding that she neglected the child.

### B.     Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe (2013-15)*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Doe*, 152 Idaho at 956-57, 277 P.3d at 403-04.

Here, the child has lived exclusively in foster care since birth, is bonded with the foster family, and is thriving in a stable and nurturing home. The foster parents have provided consistent medical care and developmental support. In contrast, Doe has been unable to provide stability or meet the child's daily needs. Doe's incarceration leaves her unavailable for the foreseeable future. Moreover, Doe has not addressed the substance abuse and mental health issues that were central requirements of her case plan.

Doe challenges the magistrate court's basis for finding that termination of her parental rights is in the best interests of the child, arguing that the magistrate court abused its discretion

when it failed to consider the progress she made prior to her incarceration and her inability to make further progress due to being incarcerated. Doe argues that the magistrate court lacked substantial and competent evidence to conclude by clear and convincing evidence that it is in the child's best interests to terminate Doe's parental rights. We disagree.

The magistrate court acknowledged that incarceration alone was not dispositive. Rather, it was Doe's continued inability to address her substance abuse and mental health issues and successfully demonstrate she could care for the child's developmental needs within a timeframe consistent with those needs. Doe argues the magistrate court's finding--that she will be incarcerated for at least another four years--does not consider that she could be successful in her criminal appeal. Even if Doe were released immediately, she would require sustained sobriety, stable housing, and reliable income before reunification could occur. During that time, the child's custodial status would remain uncertain. The magistrate court concluded that delaying permanence would not serve the child's best interests. This conclusion is consistent with precedent recognizing that children are entitled to permanence and security within a reasonable period of time. *See Doe (2013-15)*, 156 Idaho at 111, 320 P.3d at 1270. The evidence supports the magistrate court's determination that termination will allow the child to achieve long-term stability and the opportunity for adoption into a safe, permanent home.

Doe also complains that the magistrate court did not adequately consider placing the child with fictive kin rather than terminating Doe's parental rights. Doe's preferred alternative placement options do not, however, demonstrate that termination of Doe's parental rights is not in the child's best interests.

Doe's arguments on appeal seek to have this Court reweigh the evidence presented at trial. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2007). This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). The magistrate court's findings of fact are supported by substantial and competent evidence and supports its holding, by clear and convincing evidence, that it is in the best interests of the child for Doe's parental rights to be terminated. Doe has failed to show that the magistrate court erred in finding that terminating her parental rights in the child's best interests.

6

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determination that Doe neglected the child and that termination of her parental rights is in the best interests of the child. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.